IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROADCAST MUSIC, INC., UNDERACHIEVER MUSIC, UNICHAPPELL MUSIC INC., JOHN FARRAR MUSIC, SONY/ATV SONGS LLC, EMI BLACKWOOD MUSIC INC., HINDER MUSIC CO., a Division of Hinder Publishing, LLC; and HINDER PUBLISHING, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>IMAGINATION INDUSTRIES, INC. d/b/a COCO BONGO, and CASEY ROWE, individually;<br><br>Defendants. | 8:12CV128<br><br><br>ORDER |

    This matter is before the court on defendants' motions to set aside default judgment against each of them. Filing No. 22 and Filing No. 26. Plaintiffs filed this action alleging copyright infringement. Filing No. 1. Summons were served on the defendants. Plaintiffs filed a motion for the clerk's entry of default judgment, Filing No. 19, on the basis that defendants failed to appear or otherwise respond to the complaint. The Clerk of Court entered default. Filing No. 21. Thereafter, the plaintiffs moved for default judgment. Filing No. 22. Following such filing, defendants filed an answer to the complaint. Filing No. 25. In addition, the defendants filed a motion to set aside the judgment, a brief in support, and an affidavit. Filing No. 26, Filing No. 27 and Filing No. 28. The plaintiffs did not respond.

    In their responses, defendants contend that they believed their legal counsel, Hugh Abrahamson, filed an answer and responded to this lawsuit. However, plaintiffs allege that Mr. Abrahamson did not file an answer; and on June 13, 2012, defendants contacted new counsel, William F. McGinn, to file an answer and request that this court set aside the default. The court has carefully reviewed the pleadings in this case and finds that good cause exists to set aside default in this case. See Fed. R. Civ. P. 55(c) and 60(b). It does not appear that the parties acted in bad faith and that failure to file

the answer and address the motion to default does not appear to be inexcusable on the part of the defendants. The court does not believe prejudice will occur to the plaintiffs nor will the delay impact the judicial proceedings. See *Feeney v. AT & E*, 472 F.3d 560, 562-63 (8th Cir. 2006). Accordingly, the court will strike the default and order the magistrate judge to file a progression order moving this case forward.

THEREFORE, IT IS ORDERED:

1. The entry of default against the defendants is vacated;
2. The motion for default judgment, Filing No. 22, is denied;
3. The motion to set aside judgment, Filing No. 26, is granted; and
4. The magistrate judge is ordered to progress this case.

Dated this 24th day of July, 2012.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge