IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROADCAST MUSIC, INC., UNDERACHIEVER MUSIC, UNICHAPPELL MUSIC INC., JOHN FARRAR MUSIC, SONY/ATV SONGS LLC, EMI BLACKWOOD MUSIC, INC., HINDER MUSIC CO., a Division of Hinder Publishing, LLC; and HINDER PUBLISHING, LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>IMAGINATION INDUSTRIES, INC., d/b/a COCO BONGO, and CASEY ROWE, individually;<br><br>Defendants. | 8:12CV128<br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiffs' motion for summary judgment pursuant to Fed. R. Civ. P. 56. Filing No. 39. Plaintiffs bring this action for copyright infringement pursuant to 17 U.S.C. § 101 *et. seq.* (the "Copyright Act"). Jurisdiction is vested in this Court under 28 U.S.C. § 1338(a) and venue is proper under 28 U.S.C. § 1400(a). Plaintiffs allege that defendants have committed copyright infringement. Plaintiffs request injunctive relief, damages, attorney fees, costs and interest.

## BACKGROUND

Plaintiff Broadcast Music, Inc. ("BMI") is a nonprofit "performing rights society," and licenses the right to publicly preform certain copyrighted musical compositions. BMI works for the owners of these compositions. See 17 U.S.C. § 101. The remaining plaintiffs are owners of the compositions at issue in this lawsuit.

The defendants owned and operated Imagination Industries, d/b/a Coco Bongo, in Omaha, Nebraska. This site features performances of live and recorded music.

Plaintiffs contend, and the evidence supports, that between August 2003 and February 2011, BMI repeatedly informed the defendants of the need to obtain permission for public performances of copyrighted music. Filing No. 41-3, Exhibit 3, Stevens Declaration ¶¶ 3, 5-10, 12 and 16. BMI contends it offered a license agreement to the defendants on several occasions, but defendants declined. On or about April 10, 2010, BMI asked the defendants to cease and desist public performances of the licensed music. *Id.*, Exhibit 3, Stevens Declaration at ¶ 10. Defendants allegedly continued to perform the songs owned by the plaintiffs.

Plaintiffs filed suit on April 6, 2012. Defendants Imagination Industries, Inc. and Casey Rowe failed to file an answer. Plaintiffs filed a motion for default judgment, and the Clerk's office entered default. Filing Nos. 19 and 21. The defendants then moved to set aside the default. Filing No. 26. The court thereafter vacated the default and allowed the defendants to file their answers. Filing No. 29.

## STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "The movant 'bears the initial responsibility of

informing the district court of the basis for its motion, and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042, (8th Cir. 2011) (en banc) (quoting *Celotex*, 477 U.S. at 323). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex*, 477 U.S. at 324). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A "genuine" issue of material fact exists "when there is sufficient evidence favoring the party opposing the motion for a jury to return a verdict for that party." *Id.* at 251-52 (1986) (noting the inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law). If "reasonable minds could differ as to the import of the evidence," summary judgment should not be granted. *Id.* at 251.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences. *Kenney v. Swift Transp., Inc.*, 347 F.3d 1041, 1044 (8th Cir. 2003). "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations." *Id.* "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

3

## ANALYSIS

Under the Copyright Act, the owners possess the exclusive right to permit public performances of any of their works. 17 U.S.C. § 106(4). BMI has acquired rights from each of these owners to permit public performance by way of the blanket license agreements. See *Broad. Music, Inc. v. Columbia Broadcasting System, Inc.*, 441 U.S. 1 (1979) (discussing licensing agreements); *Broad. Music, Inc. v. Moor-Law, Inc.*, 484 F. Supp. 357 (D. Del. 1980) (same), *Broad. Music, Inc. v. Moor-Law, Inc.*, 527 F. Supp. 758 (D. Del. 1981), aff'd without published opinion, 691 F. 2d 491 (3d Cir. 1982) (same).

Defendants admitted in their response to the First Request for Admissions that from August 2003 through February 2011 they were offered the license but did not become licensed. See Filing No. 41-2, Hope Lloyd Declaration as Exhibit 2B, Admissions 20 and 21, as amended in Filing No. 47. The defendants admitted that on December 16, 2010, they played music at Coco Bongo. However, Casey Rowe, owner of Imagination Industries, Inc., d/b/a Coco Bongo, alleges as his only defense, factually or legally, in this case that he believed his music came through "YouTube" which he believed was public domain. He further states that he dismissed the letters from BMI as part of a scam, spanning a period of eight years, and he thereafter did not read further letters from BMI. Filing No. 45-2, Aff. of Casey Rowe.

Plaintiffs have set forth the names of the songs, authors and date of the copyright registration and certificates, the assignment of the copyrights, contact letters to the defendants, and the relevant contracts. Filing No. 41-2, Exhibits 2 and 2A; Filing No. 41-3. It does not appear that these facts are disputed. Likewise, plaintiffs offer the Certified Infringement Report of Todd Rischling who was hired by Broadcast Music to

visit Coco Bongo and document the musical compositions performed. Filing No. 41-3, Exhibit 3, Lawrence Stevens Declaration, ¶ 15; Ex. 3A. Finally, it is clear that the use of these compositions by the defendants was not authorized by the plaintiffs.

The Copyright Act, at 17 U.S.C. § 501(a), provides that "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by Sections 106 through 122 . . . is an infringer of the copyright . . . ." Likewise, the defendants would be liable for allowing the performance of the composition by a band in his establishment. *Shapiro, Bernstein & Co., Inc. v. H.L. Green Co., Inc.*, 316 F. 2d 304, 307 (2d Cir. 1963); *Broad. Music, Inc. v. The Peppermint Club, Inc.,* 229 U.S.P.Q. 534, 537-38 (N.D. Ohio 1985); *Broad. Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958, 961 (N.D. Ill. 1985) ([n]ot only is the performer liable for infringement, but so is anyone who sponsors the performance) (citing *Twentieth Century Music Corp. v. Aiken,* 422 U.S. 151, 157 (1975)).

Plaintiffs argue that defendant Roe, as president of defendant Imagination Industries, Inc., is individually liable, arguing "A corporate officer is jointly and severally liable, with his corporation for copyright infringement if he (1) 'had the right and ability to supervise the infringing activity,' and (2) 'has a direct financial interest in such activities.'" *Broadcast Music, Inc. v. Peppermint Club, Inc*., 1985 WL 6141 (N.D. Ohio 1985) (quoting *Warner Bros., Inc. v. Lobster Pot, Inc.*, 582 F. Supp. 478, 483 (N.D. Ohio 1984)). See also *Nick-O-Val Music Co. v. P.O.S. Radio, Inc.*, 656 F. Supp. 826, 828 (M.D. Fla. 1987); *Milene Music, Inc. v. Gotauco*, 551 F. Supp. 1288, 1295 (D.R.I. 1982); *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 913-14 (D. Conn. 1980). The District of Nebraska has likewise found an owner liable for copyright infringement. *See*

*Broad. Music, Inc. v. Ottis Inc.*, 2010 WL 5288106 *3 (D. Neb 2010). The court agrees and finds that defendant Roe is liable as well, based on the discussion by the court hereinafter.

The court agrees with the plaintiffs that there is no genuine issue of material fact in this case. The plaintiffs repeatedly contacted regarding the violations, by mail, phone, and in person. Defendants chose to ignore these warnings of copyright violations. The arguments made by the defendants are weak at best and not supported by any substantial evidence. The defendants do not disagree that they infringed, that they were notified, and that they failed to take action. The burden was on the defendants to determine if they were infringing plaintiffs' copyrighted songs. The defendants failed to act. Accordingly, the court finds both defendants liable for copyright infringement.

## REMEDY

The court finds plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502(a). The defendants clearly violated the copyright laws; the plaintiffs gave defendants an opportunity to cure the violation, but the defendants chose not to do so. Further, it appears from the evidence offered by the plaintiffs that the defendants continue to violate the copyright laws. Accordingly, the court will issue injunctive relief.

With regard to the request for statutory damages, the Copyright Act allows this court to award statutory damages in a sum no less than $750 and not more than $30,000 per infringement, instead of actual damages and profits. 17 U.S.C. § 504(c)(1). Further, if the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17

U.S.C. § 504(c)(2). Based on the facts and evidence as stated herein, the court finds the defendants acted willfully and for eight years infringed on plaintiffs' copyrights in violation of 17 U.S.C. §§ 504(c)(1) and 504(c)(2).

Plaintiffs ask for a total award of damages in the amount of $30,000, a figure which encompasses all three infringements for $10,000 each. The court finds that the amount requested, $30,000, is appropriate in this case. It is clear from the record that the defendants deliberately violated the rights of the plaintiffs. BMI sent a number of letters and made multiple phone calls to the defendants. Filing No. 41, Exhibit 3, Stevens Declaration, ¶¶ 3, 5-12. BMI sent a representative and thereafter followed up by sending cease-and-desist letters. The cost of the licensing agreements would have been approximately $35,458.10. *Id.*, Exhibit 3, Stevens Declaration, ¶ 19. *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229-30 (7th Cir. 1991); *see Broad. Music, Inc. v. Triple L Vending, Inc.*, 1987 WL 45244 *4 (W.D. Tex. 1987) (finding an award appropriate that was about three times the total cost of licensing fees, stating that "such an award would provide a more precise amount of statutory damages."); *Dream Dealers Music v. Parker,* 924 F. Supp. 1146, 1153 (S.D. Ga. 1996) (awarding three times what defendant would have paid ASCAP to be licensed). *Gnat Booty Music v. Creative Catering of Wadhams, LLC,* 761 F. Supp. 2d 604, 609 (E.D. Mich. 2011) (awarding approximately three times the total cost of licensing fees, noting that "courts have routinely ordered damages well in excess of—and typically approximately three times the amount the defendant would have paid if it had properly obtained a license"); *Dream Dealers Music v. Parker,* 924 F. Supp. at 1153 (awarding three times what defendant would have paid ASCAP to be licensed); *see also Sailor Music v. IML Corp.*, 867 F.

Supp. 565, 570 (E.D. Mich. 1994) (reviewing "a survey of statutory awards throughout the country, all of which indicate that the courts typically award three times the amount of a properly purchased license for each infringement").[1]

Plaintiffs also request attorney fees and costs as allowed by the prevailing party in a copyright infringement case. 17 U.S.C. § 505. Defendants have generally asked this court not to award fees but have not addressed the amount of the fees requested or the reasonableness of the fees requested. The court has carefully reviewed the record and evidence. The court finds that an award of attorney fees and costs is appropriate.

Plaintiffs have filed an itemized listing of attorney fees and costs. Filing No. 41, 4A and 4B. Plaintiffs request attorney fees in the amount of $8,074.30 ($7,597.50 in fees and $476.80 in costs) pursuant to 17 U.S.C. § 505 and interest in accordance with 28 U.S.C. § 1961. The court has carefully reviewed the request for fees. Attorney Jill Ackerman's hourly rate in this case is $315,[2] and Robert Stark, an associate on the case, is billed at $160 per hour. The majority of the work was performed by Mr. Stark. Although the court in another case might disagree with the hourly rate of $315, the court finds the allocation of work between the two attorneys is reasonable, the time requested for the work performed is reasonable, and the amount billed at an hourly rate of $315 is

---

[1] *See also Broad. Music, Inc. v. Ottis, Inc.*, 2010 WL 5288106 (D. Neb 2010) (awarding $3,500 for each of the eight works infringed); *Prater Music v. Williams*, 1987 WL 46354 (W.D Mo. 1987) (awarding $3,000 for each of seven works infringed); *Broad. Music, Inc. v. Cape Girardeau Brewing Co., LLC*, 2011 WL 4625351 (E.D. Mo. 2011) (awarding $4,000 for each of the eight works infringed); *Broad. Music, Inc. v. Buck Wild Saloon, LLC*, 2011 U.S. Dist. LEXIS 154147 (M.D. Tenn. 2011) (awarding $8,000 for each of five copyright violations); *Broad Music, Inc. v. Cameron Hospitality, Inc.*, 2011 U.S. Dist. LEXIS (E.D.N.C. 2011) ($7,612 per infringed song); *Broad. Music, Inc. v. Pub Dayton, LLC*, 2011 U.S. District LEXIS 57211 (S.D. Ohio May 27, 2011) ($8,000 per infringed song); *Broad. Music, Inc. v. V3 Club Company LLC,* cv-09-08039 (C.D. Cal. June 21, 2010) (awarding $9,000 per work infringed); *EMI Mills Music, Inc. v. Empress Hotel, Inc.*, 470 F. Supp. 2d 67, 76 (D. Puerto Rico 2006) (awarding $15,000 per work infringed for a total of $60,000).

[2] The court notes that Ms. Ackerman is a very experienced and skilled litigation attorney in this jurisdiction and has been in trial practice since 1986.

minimal. Accordingly, the court finds the request for attorney fees is reasonable and awards $7,597.50 to the plaintiffs.

With regard to costs, the court has reviewed the affidavit of counsel and the explanation of costs and finds the requests to be reasonable. See Filing No. 41-4, Ex. 4B. Accordingly, the court will likewise award costs to the plaintiffs in the amount of $476.80. Additionally, the court will order interest in accordance with 28 U.S.C. § 1961.

THEREFORE, IT IS ORDERED:

1. Plaintiffs' motion for summary judgment, Filing No. 39, is granted.

2. The court orders the defendants to pay to the plaintiffs: $30,000 in damages pursuant to 17 U.S.C. § 504(c); and $476.80 in costs and $7,597.50 in attorney fees pursuant to 17 U.S.C. § 505. The court also orders an award of interest pursuant to 28 U.S.C. § 1961.

3. The court further orders that defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. § 502.

4. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 6th day of August, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge